IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Mattie Deloris Fulton, ) | Civil Action No.: 4:14-cv-2625-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The plaintiff, Mattie Deloris Fulton, brought this action pursuant to 42 U.S.C. §405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB").

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g.*, Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in Flack v.Cohen, 413 F.2d 278 (4th Cir. 1969),

"[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

## Administrative Proceedings

The plaintiff filed an application for DIB in May of 2011, alleging a disability onset date of November 23, 2010, due to carpal tunnel syndrome (right and left hands), collarbone dislocation, diabetes, depression, high blood pressure, high cholesterol, rotator cuff (right shoulder), right and left hand pain and weakness, abnormal "MIR results". (Tr. 146) After her application was denied initially and on reconsideration, she requested a hearing before an administrative law judge. The hearing was held on February 12, 2013. The ALJ issued an unfavorable decision on April 2, 2013. The Appeals Council denied the plaintiff's request for review of the ALJ's decision after admitting new evidence[1], thereby making the ALJ decision the Commissioner's "final decision" for purposes of judicial review. *See* 42 U.S.C. §405(g); 20 C.F.R. §404.981 (2003).

The ALJ made the following findings in this case:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2012.

2. The claimant did not engage in substantial gainful activity During the period from her alleged onset date of November 23, 2010 through her date last insured of December 31, 2012 (20 CFR 404.1571).

---

[1] As pertinent to this appeal, the Appeals Council received into evidence a Functional Capacity Report from John P. Zelenka MOT OTR/L, dated July 9, 2013 (Exhibit 29F) and records from Richard K. Ellis, MD, dated January 23, 2014 (Exhibit 30F). (Tr. 4)

2

3. Through the date last insured, the claimant has the following severe impairments: Carpal tunnel syndrome and status post shoulder surgery (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1(20 CFR 404.1520(d), 404.1525, and 404.1526)

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Specifically, the claimant can lift and carry up to 20 pounds occasionally and 10 pounds frequently and stand, walk, and sit for 6 hours each in an 8-hour workday. The claimant must not crawl, climb ladder, ropes, or scaffolds, or perform overhead work. The claimant can frequently perform fine and gross manipulation with the dominant right upper extremity; the claimant can perform occasional fine and gross manipulation with the non-dominant lift upper extremity. The claimant must avoid exposure to unprotected heights or dangerous machinery and avoid driving. The claimant is limited to simple repetitive tasks.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on August 28, 1962 and was 50 years old, which is defined as a younger individual age 18-49, on the date last insured. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocationa Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11. The claimant was not under a disability, as defined in the Social
Security Act, from November 23, 2010, the alleged onset date, through
December 31, 2012, the date last insured (20 CFR 404.1520(g)).

(Tr. 14-24).

### Facts

The plaintiff was 48 years old on the alleged onset date. She has a high school education and has prior work experience as a telemarketer, school bus driver, and nurse's aide.

### Appeal from the Commissioner's Decision

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to United States Magistrate Judge Thomas E. Rogers, III. On June 26, 2015, Magistrate Judge Rogers filed a Report and Recommendation ("the Report") suggesting that the decision of the Commissioner be affirmed. The plaintiff filed objections to the Report on July 13, 2015. The Commissioner filed a Response on July 30, 2015. The Magistrate Judge concluded that the record contains substantial evidence to support the conclusion of the Commissioner that plaintiff be denied benefits.

### Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the court need not conduct a *de novo* review

when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

***Severe Impairments***.  Plaintiff objects to the Magistrate's finding that substantial evidence supports the ALJ's findings that the plaintiff's insulin dependent diabetes and cervical spine spondylosis were not severe impairments and asserts that, "her symptoms and limitations from these medically-documented impairments overlap and exacerbate the symptoms and limitations arising from her carpal tunnel syndrome and status/post shoulder surgery." (ECF No. 25, p. 1)   Plaintiff also objects to the Magistrate Judge's finding that, even if the ALJ should have found that her diabetes and cervical spine spondylosis were severe impairments, then any error was harmless.  The Court finds that the substantial evidence supports the findings of the ALJ regarding severe impairments.  In addition, this Court has held that, where the ALJ finds at least one severe impairment and proceeds to the next step in the analysis and considers any limitations from the impairment in the subsequent analysis[2], then any error in failing to list an impairment as severe is harmless. See, e.g., Washington v. Astrue, 698 F.Supp.2d 562, 580 (D.S.C. 2010).  This objection is overruled.

***Treating Physicians Rodney Alan,  MD; Jessica Townsend,  MD; and Richard Ellis,  MD***. The claimant  asserts that the Magistrate Judge erred in finding that substantial evidence supported the

---

[2] The ALJ states that, in determining the plaintiff's RFC, he considered all of her symptoms and "the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . ." (Tr. 18)

5

weight given to the medical opinions of treating physicians Alan and Townsend. She also asserts that the Appeals Council should have included a discussion of the appropriate weight of an opinion of Dr. Ellis, which was submitted for the first time to the Appeals Council.

Regarding Dr. Alan, she asserts that the ALJ improperly gave little weight to Dr. Alan's opinion regarding her manipulative functioning. She contends that "the record as a whole supports Dr. Alan's opinion in that her records and her testimony support her allegations of chronic pain and the effects of her pain medications." (ECF No. 25, p. 4) Regarding Dr. Townsend, she objects to the Magistrate Judge's finding that Dr. Townsend did not provide any of her own observations or medical findings and asserts that "[s]he had a complete picture of the Plaintiff's condition, and her opinion regarding the Plaintiff's need to use pain medication and need to lie down in excess of one hour during the workday is supported by the record as a whole." Id. at 5.

The Court finds that the claimant's objections lack merit. The opinion of a treating physician is not entitled to controlling weight if the opinion is not supported by the physician's own medical records and other record evidence. See 20 C.F.R. § 404.1527(c)(2). Substantial evidence supported the ALJ's findings that Dr. Alan's opinion that the plaintiff cannot perform any tasks that require grasping, manipulation, or dexterity should be accorded little weight. As noted by the Magistrate Judge, the "ALJ adequately discussed the evidence he relied on in discounting the weight he gave Dr. Alan's opinion" and, under our standard of review, the Court does not re-weigh conflicting evidence." (ECF No. 23, p. 31) Substantial evidence also supports the ALJ's finding that the opinion of Dr. Townsend should be accorded little weight. As the Magistrate Judge observed, Dr. Townsend primarily treated the plaintiff's diabetes and hypertension, and her opinions were inconsistent with her own notes; not well-supported by objective medical findings; and not consistent with the record as a whole.

The Court also agrees with the Magistrate Judge that the Appeals Council was not required to explain its reasons for denying review after it allowed the submission of the January 23, 2014 letter opinion of Dr. Ellis[3]. *See Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011). The opinion of Dr. Ellis did not fill "an evidentiary gap that played a role in (the ALJ's) decision." *Id*. at 706.

*Functional Capacity Evaluation of John P. Zelenka, MOT, OTR/L*

Plaintiff also objects to the Magistrate Judge's finding that the defendant properly considered the opinion of Mr. Zelenka, which was also submitted to the Appeals Council for the first time. However, as correctly noted by the Magistrate Judge, the ALJ's RFC findings were supported by substantial evidence, and Zelenka himself stated that the plaintiff put forth "submaximal efforts" and was "inconsistent", and he questioned the accuracy of the test due to the plaintiff's possible symptom magnification. He also states: "With respect to rehabilitation, Ms. Fulton presents as a potentially difficult rehabilitation candidate due to her lack of full physical effort." [Tr. 634-635; R&R, p. 34, n. 7 (ECF No. 23, p. 34)] The plaintiff's argument lacks merit.

## **Conclusion**

The court has thoroughly analyzed the entire record, including the R & R and objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R. Accordingly, the Commissioner's decision is affirmed.

---

[3] The ALJ gave great weight to an earlier opinion of Dr. Ellis regarding the claimant's lack of work related limitations from any mental health condition. (Tr. 21)

**IT IS SO ORDERED**.

                  s/R. Bryan Harwell
                  R. Bryan Harwell
                  United States District Judge

Florence, South Carolina
August 19, 2015